# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-00056-RJC-DSC

| | |
|---|---|
| LISA C. BALLENTINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| | ) |
| THREE T TOWING, LLC, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction," Doc. 4, and the parties' associated briefs and exhibits, Docs. 5, 10 and 15.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) on January 31, 2018, and the Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Complaint as true, Defendant Three T Towing operates a vehicle towing service in Iredell County and the surrounding area. Plaintiff was hired as a bookkeeper and accountant in December 2015. She was later promoted to Director of Operations. Plaintiff alleges that she was subjected to sex discrimination, sexual harassment, retaliation and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

On December 19, 2016, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon on sex and retalation.  See Doc. 1, Ex. 1. She alleged that the discrimination took place at the earliest on May 24, 2016 and at the latest on June 21, 2016, the date of her termination.  She did not check the box for continuing action. On the same date as the filing, the EEOC issued its Dismissal and Notice of Rights letter stating "[y]our charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Doc. 1, Ex. 2.

On March 17, 2017, Plaintiff filed her Complaint against Defendant alleging sexual harassment, sex discrimination and retaliation in violation of Title VII.  She also brings state law claims for unpaid wages and overtime compensation pursuant to N.C. Gen. Stat. § 95-25.1 et seq., breach of contract, intentional infliction of emotional distress and negligent supervision and retention. Doc. 1.  On April 11, 2017, Defendant filed this Motion to Dismiss, Doc. 4.  Defendant argues that Plaintiff's Title VII claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Defendant has employed fewer than fifteen people at all times relevant to this action and does not qualify as an employer under Title VII.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case.  Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  The plaintiff has the burden of proving that subject matter jurisdiction exists.  Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### III. DISCUSSION

An entity may only be held liable in a Title VII action if it is an "employer" of the complainant. Title VII defines an "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). An "employee" is "an individual employed by an employer." Id. § 2000e(f). As the Supreme Court has noted, definitions of "employer" and "employee" under federal law are often circular and "explain[ ] nothing." Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992).

Defendant argues that while Plaintiff has pled that "Defendant has employed more than 30 employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year" (Doc. 1 at ¶14), it actually employed only two people including Plaintiff during the relevant time period. Defendant attached the Affidavit of Todd E. Waugh stating that Defendant has employed fewer than fifteen employees for each working day in each of twenty or more calendar weeks in 2015 and 2016. Doc. 5, Ex. 1 at ¶ 4. In response, Plaintiff attached her own Affidavit stating that Defendant had more than fifteen employees. Her Affidavit includes a list of employees, their job titles and bank statements reflecting payments to tow truck drivers. Doc. 10, Ex. 2. Defendant responded with a supplemental Affidavit of Waugh stating that the tow truck drivers were independent contractors and should not be considered employees.

Defendant argues that the fifteen-employee threshold limits this Court's subject matter jurisdiction. It does not. In Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), the Supreme Court settled a split among the circuits as to whether the number of employees for purposes of defining an employer under Title VII is jurisdictional or an element of a plaintiff's claim. The Supreme Court held "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." Id. at 516. Acknowledging that federal courts are obliged to inquire into their own jurisdiction even where the parties do not challenge it, the Supreme Court reasoned that the "employee-numerosity" requirement was not jurisdictional because "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met." Id. at 514.

Consequently, whether Defendant is an "employer" under Title VII is not a matter affecting the Court's subject matter jurisdiction and the undersigned respectfully recommends that Defendant's Rule 12(b)(1) Motion be denied.

Since the employee threshold is not jurisdictional, Rule 12(b)(6) is the proper vehicle for challenging the allegations in the Complaint. See Fed.R.Civ.P. 12(b)(6); Fed.R.Civ.P. 12(b)(1). The parties have both submitted evidence outside the pleadings (see Doc. 5–1; Doc. 10–2; Doc. 10–3; Doc. 15–1) as to the number of employees during the relevant period. None of this evidence can be considered in evaluating Plaintiff's claims under Rule 12(b)(6) unless the Court elects to treat the Motion as one for summary judgment. See Fed.R.Civ.P. 12(d); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). The Court declines to do so and excludes those Affidavits and exhibits from consideration.

The Complaint alleges that Defendant is an employer as that term is defined in Title VII with more than fifteen employees. Doc. 1 at ¶14-15. Although Defendant may challenge Plaintiff's allegations at the summary judgment stage, the Court finds that Plaintiff has met her burden under Rule 8. Since this Court has subject matter jurisdiction and the Complaint states a claim for relief against Defendant pursuant to Title VII, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss" (document #4) be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners

Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: March 7, 2018

David S. Cayer
United States Magistrate Judge